UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 72.207.85.30,<br><br>            Defendant. | Case No.: 22-cv-660-TWR-KSC<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[Doc. No. 3]** |

Before the Court is plaintiff Strike 3 Holdings, LLC's ("plaintiff") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Doc. No. 3. For the reasons stated below, plaintiff's application is **GRANTED**.

## I.   BACKGROUND

On May 10, 2022, plaintiff filed a Complaint against defendant John Doe subscriber assigned IP address 72.207.85.30 ("defendant"), asserting a claim for direct copyright infringement. *See* Doc. No. 1. Plaintiff alleges it is the owner of certain adult-content films that defendant is "stealing … on a grand scale" by downloading these films and distributing them to others without plaintiff's authorization, permission or consent. *Id.* at ¶¶ 1-4, 51. Defendant's identity is known to plaintiff only by defendant's IP address: 72.207.85.30.

*Id.* at ¶ 13; Doc. No. 3-1 at 7.[1]  Plaintiff therefore seeks the Court's leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on defendant's internet service provider ("ISP"), Cox Communications, to learn defendant's identity. *Id.* at 7. Plaintiff asserts that "[w]ithout this information," it cannot serve defendant, "nor pursue this lawsuit and protect its copyrights." *Id.* at 8.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from another source before the parties have conferred as required by Rule 26(f)" unless such discovery is "authorized" by the Court. Fed. R. Civ. P. 26(d)(1). "[I]n rare cases," however, courts allow "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts authorize such "expedited discovery" where the need for the information "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating [a] request for expedited discovery"). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted).

The Ninth Circuit holds that when the defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing to pursue an action against defendant," the plaintiff must "make some showing that an act giving rise to civil liability actually occurred and that the

---

[1] All page citations herein are to the page numbers generated by the Court's CM/ECF system.

2

requested discovery is specifically aimed at … identifying … the person who committed the act." *Columbia Ins. Co.*, 185 F.R.D. at 579-80.

### III.   DISCUSSION

Courts apply a three-factor test when considering motions for early discovery to identify the defendant. *Columbia Ins. Co.*, 185 F.R.D. at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to demonstrate a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff should establish that its "suit . . . could withstand a motion to dismiss." *Id.* The Court considers each of these factors as applied to the instant request for expedited discovery.

**A. <u>Identification of Missing Parties with Sufficient Specificity</u>**

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *See Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (finding plaintiff satisfied first factor). Here, plaintiff determined that Cox Communications provided the subject IP address associated with defendant and used geolocation technology to trace the IP address to an address located within this District. *See* Doc. No. 3-1 at 12-13; Doc. No. 3-2 at 29. Plaintiff confirmed the information before filing its Complaint and again before filing the instant *ex parte* application. Doc. No. 3-2 at 29. The Court finds plaintiff has "sufficiently shown" that defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotus*, 2011 WL 2470986, at *3; *see also Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (finding that "IP address identification is sufficient, at this stage, to indicate a real person used the network to download the copyrighted files").

///

### B. Previous Attempts to Locate Defendant

Next, plaintiff must identify all previous steps taken to identify the defendant in a good faith effort to effect service of process. *See Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff reports it attempted to "correlate" defendant's IP address to defendant by using web search tools, conducted research on other methods of identifying and locating defendant, and consulted with computer investigators and cyber security consultants. Doc. No. 3-1 at 14. Despite these efforts, plaintiff has been unable to identify defendant and represents it cannot do so without the requested discovery. *Id.* Accordingly, the Court finds that plaintiff has made a good-faith effort to identify and locate defendant before filing the instant application.

### C. Ability to Withstand a Motion to Dismiss

Plaintiff's Complaint alleges a single cause of action against defendant for direct copyright infringement. *See* Doc. No. 1 at ¶¶ 48-53. Plaintiff alleges it owns the subject intellectual property, which defendant copied and distributed without plaintiff's authorization, permission or consent. *See* Doc. No. 3-1 at 16; Doc. No. 1 at ¶¶ 49, 51. The Court finds plaintiff has alleged a *prima facie* case of direct copyright infringement against defendant that would likely withstand a motion to dismiss for failure to state a claim. *See Malibu Media*, 319 F.R.D. at 305 (finding, on similar facts, that adult-entertainment company had established a *prima facie* claim for copyright infringement).

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff, using geolocation technology, traced defendant's IP address to a point of origin within this District before filing its Complaint and again before filing the instant *ex parte* application. *See* Doc. No. 3-1 at 12-13; Doc. No. 3-2 at 29. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court." *Criminal Prods., Inc. v. Doe*, No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016). The Court therefore finds plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(a). Plaintiff alleges defendant committed the infringing acts complained of in this District. Doc. No. 1 at ¶ 11. The Court finds that the Complaint could likely withstand a motion to dismiss for improper venue.

In sum, and for the reasons stated above, the Court finds that plaintiff has established good cause to pursue expedited discovery. Plaintiff's request for leave to subpoena defendant's ISP provider is accordingly **GRANTED**.

## **ORDER**

For the reasons stated above, plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [Doc. No. 3] is **GRANTED**. It is hereby further **ORDERED** that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Cox Communications for the sole purpose of obtaining the *name and address only* of defendant John Doe, based on the IP address listed in the Complaint: 72.207.85.30. The subpoena shall **not** seek defendant's telephone number, email address, or Media Access Control (MAC) address, as this information is not necessary for plaintiff to identify and serve defendant.

2. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If Cox Communications intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, Cox Communications must preserve the information sought by plaintiff pending resolution of the motion or challenge.

3. Cox Communications shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge

the disclosure to plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

4. Plaintiff shall serve a copy of this Order with any subpoena served upon Cox Communications pursuant to this Order. Cox Communications, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

6. No other discovery is authorized at this time.

**IT IS SO ORDERED**.

Dated: June 3, 2022

Hon. Karen S. Crawford
United States Magistrate Judge